### AVERELL v. BARBER et al.

(*Supreme Court, General Term, First Department.* February 8, 1892.)

WITNESS—SUBPŒNA DUCES TECUM—WHEN DENIED.

     An action against a company and others to recover for the illegal use of patent processes having been dismissed as to the company, leaving only the question of the amount of profits for which the other defendants were liable to be determined, the court erred in refusing to vacate a *subpœna duces tecum* against the company, the only object of which was to discover its secret processes.

Appeal from special term, New York county.

Action by William W. Averell against Amzi L. Barber, the Barber Asphalt Paving Company, and others. From an order denying a motion to vacate a *subpœna duces tecum* the Barber Asphalt Paving Company appeals. Reversed. For former report, see 6 N. Y. Supp. 255.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*Wm. W. Niles* and *Wm. W. Niles, Jr.,* (*A. S. Worthington,* of counsel,) for appellant. *Fullerton & Rushmore,* (*C. E. Rushmore,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff, for the benefit of the American Asphalt Paving Company and its stockholders, to recover against the defendants, Barber, McLean, Langdon, the Barber Asphalt Com-

pany, and others, certain large profits realized by them from the use of certain patents in said complaint alleged, which rightfully belonged to the said American Asphalt Company. After a trial of the case a decree was entered, which provided, among other things, that the defendants Barber, McLean, Langdon, and the Barber Asphalt Company severally account for and pay over the profits made by them, or either of them, directly or indirectly, from or by means of the De Smedt patents, or either of them, or by means of either of the reissues thereof; and a referee was appointed in said decree to take the account. Upon appeal to the general term this judgment was reversed so far as the Barber Asphalt Company was concerned, and the complaint dismissed as to them. Subsequently the plaintiff proceeded with the account before the referee, and caused a subpœna to be issued to the Barber Asphalt Company to produce their books and papers and contract before the referee. A motion was made to vacate this subpœna, which was denied, and from the order thereupon entered this appeal is taken. This motion seems to have been based upon two grounds, one of which was that, upon the reference, there was no necessity for the examination of the books of the company; and the other, that the supreme court had no jurisdiction of the questions involved in this action. Without considering the last question mentioned, we think the first objection is well taken. Whatever might have been the propriety of having the books of the Barber Asphalt Company before the referee, had the decree remained as originally entered by the learned judge who tried the case, that decree having been reversed, so far as that company was concerned, and the action dismissed as to it, the only question remaining to be investigated by the referee was the profits of Barber, McLean, and Langdon, made by means of the De Smedt patents, or either of the reissues thereof. With this question the Barber Asphalt Company had absolutely nothing to do, and the secrets of their business should not be brought into a controversy between the plaintiff and outside parties; and the question as to what contracts it had made, or what profits it had realized, was of no importance whatever in the investigation of the profits of the defendants therein named. We think that a subpœna of the description issued in this case was, under the circumstances, oppressive in the extreme, and was a perversion of the process of the law. The plaintiff having been adjudged to have no cause of action or right to inquire into the methods of business or profits of the Barber Asphalt Company, an inspection of its books could have been sought only for the purpose of discovering the business of the company, in which the plaintiff had no interest. We think the order appealed from should be reversed, with $10 costs and disbursements of this appeal, and motion granted. All concur.